1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        ----oo0oo----

12
CAL FRUIT INTERNATIONAL, INC.,
13                                    NO. CIV. 04-2494 FCD/KJM
            Plaintiff,
14                                    <u>MEMORANDUM AND ORDER</u>

15 JEANNE SPAICH; INTERNAL
REVENUE SERVICE;
16
            Defendants.
17
                          ----oo0oo----
18
        This matter is before the court on interpleader defendant
19
Internal Revenue Service's ("IRS" or "the government") motion to
20
strike[1] interpleader defendant Jeanne Spaich's ("Spaich") claim
21
to the interplead funds pursuant to Federal Rule of Civil
22
Procedure 37(d), and to disburse the funds at issue to the
23
government.[2]  In so moving, the government asks the court to
24

25
        [1]   Because oral argument will not be of material
26 assistance, the court orders the matter submitted on the briefs.
E.D. Cal. L.R. 78-230(h).
27
        [2]   The court treats the government's latter "request" as a
28                                                (continued...)

impose the ultimate sanction of dismissal of Spaich's claim
because she twice failed to attend her properly noticed and
scheduled deposition.

## BACKGROUND

Gavrillo Spaich, Jeanne's father, sold a load of prunes to
plaintiff Cal Fruit International, Inc. ("plaintiff").  The IRS
then levied plaintiff in September 2004 to collect the $89,315.60
owed by plaintiff to CalPrune, a corporation owned by Gavrillo
Spaich, for the prunes.  Rather than pay the IRS levy, plaintiff
filed this interpleader action, depositing said funds with the
court and seeking a determination as to who is entitled to the
funds.  Specifically, plaintiff alleges that it does not know the
identity of the seller of the prunes, whether it was CalPrune
(Gavrillo Spaich) or Jeanne Spaich.  Both the government and
Spaich filed claims to the interplead funds.

The government's claim arises from various federal tax
assessments against CalPrune.  Spaich's claim, on the other hand,
arises from her allegation that she is the owner of the prunes
sold to plaintiff and that her father was merely acting as her
agent; therefore, she contends the funds should be distributed to
her rather than go to pay the IRS' tax levy.

The original deadline to complete discovery in this case was
October 28, 2005.  (Pre-Trial Sch. Order, filed May 2, 2005.)
The government noticed Spaich's deposition for August 19, 2005,
after the parties mutually selected that date.  On the day of the

---

[2](...continued)
motion under Federal Rule of Civil Procedure 56.

1  deposition, however, Spaich inexplicably failed to appear.

2  Acknowledging her failure to provide adequate notice to the

3  government, her counsel reimbursed the government for its

4  expenses associated with the deposition.

5      Thereafter, Spaich's counsel communicated with the

6  government in an effort to resolve the matter short of any

7  further depositions.  Spaich's counsel provided the government

8  with information regarding Spaich's position that all of the

9  relevant liabilities had been paid prior to the IRS' levy on the

10 subject funds and/or all such liabilities had been subsequently

11 paid.  Spaich's counsel and the government's counsel engaged in a

12 series of e-mails on this issue.  A resolution of the matter was

13 not reached, and the parties agreed to extend the discovery

14 deadline to November 30, 2005, which the court approved.

15 Spaich's deposition was then mutually scheduled for November 17,

16 2005.  Yet, on the day of the deposition, she again failed to

17 appear, allegedly due to work commitments.  Her counsel again

18 reimbursed the government its expenses.

19                          **STANDARD**

20     Federal Rule of Civil Procedure 37(d) gives the court

21 discretion, if a party fails to attend a properly noticed

22 deposition, to sanction the party failing to appear for non-

23 compliance.  See Fed. R. Civ. Proc. 37(b)(2)(A)-(C).  Sanctions

24 include, but are not limited to: limiting evidence, closing

25 discovery, striking the pleadings, dismissing a claim, or entry

26 of a default judgment.  Id.

27      Before dismissing a case for non-compliance with Rule 37,

28 the court must examine the following factors: (1) the public's

1 interest in the expeditious resolution of litigation; (2) the

2 court's docket concerns; (3) the risk of prejudice to the

3 defendant; (4) the judicial policy favoring disposition of cases

4 on the merits; and (5) the availability of a less drastic

5 sanction.  Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.

6 1997).  Striking the claim is a severe penalty and should only be

7 assessed as a sanction in extreme circumstances, especially when

8 such a remedy is dispositive of the action.  See Thompson v.

9 Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986).

10                          **ANALYSIS**

11      Upon consideration of the factors outlined above, the court

12 finds that Rule 37 sanctions, any one of which would have the

13 effect of entry of judgment in favor of the government, are not

14 merited at this time.  The government requests dismissal because

15 Spaich twice failed to appear at her scheduled deposition.  While

16 the government cites several cases where parties' claims were

17 stricken for failure to appear at depositions, those cases are

18 inapposite as they involve willful conduct in violation of direct

19 court orders to appear, after a nearly complete failure to

20 meaningfully participate in the discovery process.  See Creative

21 Gifts, Inc., v. UFO, 235 F.3d 540, 544 (10th Cir. 2000);

22 Viswanathan v. Scotland County Bd. of Educ., 165 F.R.D. 50, 53-

23 54, aff'd 76 F.3d 377 (4th Cir. 1996); In re Sumitomo Copper

24 Litigation, 204 F.R.D. 58, 60-61 (S.D.N.Y. 2001).  No such

25 "complete failure" of the discovery process has occurred here.

26

27

28                              4

1        Plaintiff has not disobeyed direct court orders.  She has,
2  however, failed to appear at two noticed depositions despite the
3  selection of a mutually convenient date and her counsel's
4  admonitions to appear.  While wholly improper under the rules,
5  the court does not dismiss her claim to the subject funds.
6  First, it is noteworthy, that during this time, her counsel
7  sought to resolve the matter short of her deposition.  Although
8  ultimately unsuccessful, such good faith efforts are relevant to
9  the court's consideration of this motion.

10        Additionally, while the court acknowledges that the
11  government was not required to seek a court order or other
12  sanctions prior to filing the instant motion, the court also
13  considers this fact in its analysis.  Had the *court* previously
14  ordered her appearance, and she then failed to appear, the grant
15  of a Rule 37 motion would likely have been warranted.

16        Finally, the court considers the serious questions involved
17  in this case regarding who is entitled to the interplead funds
18  and in what amount.  For instance, the government, in its initial
19  calculations asserted that the amount owed by CalPrune to the
20  government was more than $550,000.00.  Admitting error in that
21  first calculation, the government in a later correction filed
22  with the court, indicated the relevant amount was $120,000.00.
23  (Praecipe to Gov't Reply, filed Jan. 6, 2006.)  Spaich argues
24  that the amount owed is substantially less than $120,000.00 and
25  indeed may be zero.  In light of these significant issues, Spaich
26  should be given one last opportunity to appear at her deposition.
27

28                                    5

1    Therefore the court reopens discovery, which closed on

2    November 30, 2005, and orders Spaich's deposition.  Said

3    deposition shall take place within 30 days of the date of this

4    order.  The government shall have 45 days from the date of the

5    deposition to file a supplemental brief regarding its substantive

6    claim to the funds; Spaich shall have 20 days thereafter to file

7    a supplemental opposition; the government shall file any reply

8    within 10 days thereof.  The court will set the matter for

9    hearing, if necessary, upon review of the supplemental briefs.

10    Spaich is admonished that this is her final opportunity to

11   appear for her deposition; if she does not appear, the court will

12   grant the government's motion to strike and pursuant thereto,

13   disburse the subject funds to the government.

14                              **CONCLUSION**

15    For the foregoing reasons, the government's motion to strike

16   Spaich's interpleader claim is DENIED.  However, as a result of

17   the court's ordering the deposition of Spaich, the court defers

18   ruling on the government's motion for disbursement of the

19   interplead funds.  Plaintiff's motion for attorney's fees is

20   likewise deferred until this case is resolved on the merits, as

21   the imposition of attorney's fees against the interplead funds

22   depends on which interpleader defendant prevails.  See Abex Corp.

23   ///

24   ///

25   ///

26   ///

27

28                                   6

1  v. Ski's Ener., Inc., 748 F.2d 513, 516 (9th Cir. 1984).

2      IT IS SO ORDERED.

3 DATED: February 15, 2006

4                              /s/ Frank C. Damrell Jr.

5                              FRANK C. DAMRELL, Jr.
                             UNITED STATES DISTRICT JUDGE