UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CAL FRUIT INTERNATIONAL, INC.,

        Plaintiff,

NO. CIV. 04-2494 FCD/KJM

MEMORANDUM AND ORDER

JEANNE SPAICH; INTERNAL REVENUE SERVICE;

        Defendants.

----oo0oo----

On December 14, 2005 interpleader defendant Internal Revenue Service (the "IRS") filed a motion to strike interpleader defendant Jeanne Spaich's ("Spaich") claim to the interplead funds pursuant to Federal Rule of Civil Procedure 37(d), and to disburse the funds at issue to the United States. In so moving, the IRS asked the court to impose the ultimate sanction of dismissal of Spaich's claim to the funds because she twice failed to attend her properly noticed and scheduled deposition.

In its order of February 16, 2006, the court denied the IRS' motion to strike Spaich's claim to the funds, finding sanctions

under Rule 37(d) unwarranted.  The court also deferred ruling on the IRS' motion to "disburse [the subject] funds to the United States" until Spaich's deposition was completed.  (Mem. & Order, filed Feb. 16, 2006, at 6.)  The court allowed the parties to file supplemental briefing, following the deposition, as to the IRS' motion for disbursement of the funds.  Said briefing has now been submitted.[1]  (Docket #s 39, 41 and 44.)

Having considered the briefing, the court issues the following order DENYING the IRS' motion for disbursement of the interplead funds as procedurally defective.  The court noted in its February 16, 2006 order, that the IRS' motion, although not noticed as such, was a motion for summary judgment since it sought final resolution of the issue presented by plaintiff's complaint, namely, entitlement to the funds.  (Mem. & Order at 1 n. 2.)  However, as Spaich argues in her supplemental brief, neither the IRS' original motion papers or its supplemental briefing comports with Federal Rule of Civil Procedure 56 or the court's local rules for motions for summary judgment.  See e.g., E.D. Cal. L.R. 56-260 (requiring a "'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact.")

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1    Accordingly, the court directs the IRS to re-file its motion for disbursement of funds in compliance with the rules governing motions for summary judgment.[2]  Briefing on said motion shall comply with E.D. Cal. L.R. 78-230.  The IRS shall file and serve its motion within 30 days of the date of this order.

In light of the instant order, the court vacates the dates for the final pretrial conference and trial of this matter.  (Minute Order, filed February 22, 2006, setting FPTC for Aug. 4, 2006 and Trial for Oct. 17, 2006.)  The final pretrial conference shall be held on November 3, 2006 at 2:30 p.m.  The Joint Final Pretrial Statement shall be filed on or before October 27, 2006.  Trial shall commence on March 20, 2007 at 9:00 a.m.

IT IS SO ORDERED.

DATED: June 14, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2]  While Spaich argues, in her supplemental brief, that any motion for summary judgment of the IRS should be denied because triable issues remain regarding the IRS' entitlement to the funds, the court will not rule on the issues until a properly noticed and briefed motion is before it.  (Spaich's Supp. Brief, filed May 3, 2006, at 4.)  Spaich may reassert her arguments in opposition to the IRS' renewed motion.